IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESTER PERRY, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:12-cv-5275-O-BN |
| | § | |
| | § | |
| THE BANK OF NEW YORK MELLON, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This matter has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. *See* Dkt. No. 3. In this case removed from state court, Defendant Bank of New York Mellon has filed a motion to dismiss Plaintiffs' claims against it pursuant to Fed. R. Civ. P. 9 and 12(b)(6). *See* Dkt. No. 5 (the "Motion to Dismiss"). For the reasons stated herein, Defendant's Motion to Dismiss should be GRANTED.

**Background**

This is an action involving foreclosure of real property located in Lancaster, Texas (the "Property") by Plaintiffs Ester and Samuel L. Perry, citizens of Texas, against Defendant The Bank of New York Mellon, f/k/a The Bank of New York, as trustee for the benefit of certificate holders of the CWALT, Inc., alternative loan trust 2004-8CF, mortgage pass through certificates, series 2005-8CB. The Bank of New York Mellon is a New York Banking Institution, wholly owned by The Bank of New York

Corporation, a Delaware Corporation, with its principal place of business in New York. *See* Dkt. No. 1, ¶ 13. Plaintiffs, who are proceeding *pro se*, originally filed a petition in state court (the "State Court Petition") asserting claims for (1) predatory lending and (2) fraud. *See* Dkt. No. 1-4 at pp. 3-4. Defendant timely removed the case to federal court on the bases of federal question jurisdiction and diversity jurisdiction. *See* Dkt. No. 1 at 2-3.

Defendant then filed its Motion to Dismiss. *See* Dkt. No. 5. In response, the Court issued an order allowing Plaintiffs to amend their complaint without seeking leave of the Court by January 15, 2013. *See* Dkt. No. 6. Plaintiffs failed to file an amended complaint by January 15 and failed to respond to Defendant's Motion to Dismiss, despite the fact that the Court extended Plaintiffs' time to respond. *See* Dkt. No. 11. After Plaintiffs' time to respond had lapsed, Defendant filed a Notice of No Response. *See* Dkt. No. 12.

Because Plaintiffs have not supplied the Court with facts underlying their claims, the Court takes the facts set forth herein from the Motion to Dismiss. *See* Dkt. No. 5 at ¶¶ 2-3. On March 12, 2004, Plaintiffs signed a Note for $144,400.00 payable to Countrywide Home Loans, Inc. and further signed a Deed of Trust securing the Note in order to refinance an existing mortgage on the Property. On June 10, 2011, the Deed of Trust was assigned to Defendant.

No further facts have been provided by either party. It appears Plaintiffs are challenging the "validity of the current debt" that Defendant claims that Plaintiffs owe. Dkt. No. 1-4 at 3. Plaintiffs assert that Defendant violated the Truth in Lending Act

-2-

("TILA"), Consumer Protection Act, Real Estate Settlement Procedures Act ("RESPA") at 15 U.S.C. § 101 et seq. and 12 U.S.C. § 2601 et seq., and the Home Ownership and Equity Protection Act ("HOEPA") by failing to provide Plaintiffs with certain information or make certain disclosures and, as a consequence, have committed predatory lending. *See* Dkt. No. 1-4, at 2-3. Plaintiffs also claim that Defendant has committed fraud, and Plaintiffs enumerate a laundry list of wrongdoings by Defendant. *See id.* at 4-6.

## Legal Standards

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). While,

under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.*

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988). However, "[i]f ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

Here, the Defendants have attached to their motion to dismiss copies of the Note, Deed of Trust, and Assignment as Exhibits A, B, and C, respectively. Because Plaintiffs reference these documents in their Original Petition and because they are central to Plaintiffs' claims, the Court will consider these documents without converting the Motion to Dismiss to a motion for summary judgment. *See Collins*, 224 F.3d at 498-99.

## Analysis

### Predatory Lending

Defendant argues that predatory lending is not recognized as an independent cause of action in Texas. The undersigned agrees. *See Renfrow v. CTX Mortgage Co., LLC*, No. 3:11-cv-3132-L, 2012 WL 3582752, at *9 (N.D. Tex. Aug. 20, 2012) ("No Texas Court has recognized an independent cause of action for predatory lending.") (internal citations omitted); *Belanger v. BAC Home Loans Servicing, L.P.*, 839 F.Supp. 2d 873, 876 (W.D. Tex. Dec. 9, 2011) (Plaintiff's "first claim—predatory lending—can be dismissed with dispatch. No Texas court has recognized an independent cause of action for 'predatory lending.'")

However, Plaintiffs premise their predatory lending claim on Defendant's alleged violations of TILA, the Consumer Protection Act, RESPA, and HOEPA. Because Plaintiffs are proceeding *pro se*, the undersigned will consider possible claims under each statute.

Defendant asserts that any claim by Plaintiffs based on TILA and RESPA must fail, as they are barred by the statute of limitations. Again, Defendant is correct.

TILA sets forth a one-year statute of limitations for an alleged failure to meet disclosure requirements that begins to run at the closing or upon execution of the loan agreement. See 15 U.S.C. § 1640(e) ("[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."); *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir.1986) ("The violation occurs when the transaction

is consummated.") (citation and internal quotation marks omitted); *Renfrow*, 2012 WL 3582752, at *3. In addition, "[n]ondisclosure is not a continuing violation for purposes of the statute of limitations." *Moor*, 784 F.2d at 633. Although it is not clear whether Plaintiffs are seeking rescission under TILA, when a party requests relief in the form of rescission under TILA, the applicable limitations period is three years. 15 U.S.C. § 1635(f); *Moor*, 784 F.2d at 633.

For suits under RESPA, private plaintiffs have either a one-year (for violations of sections 2607 and 2608) or three-year (for violations of section 2605) statute of limitations. *See Snow v. First American Title Ins. Co.*, 332 F.3d 356, 359 (5th Cir. 2003). While it is unclear under which provision(s) of RESPA Plaintiffs are suing, Plaintiffs are clearly barred by the statute of limitations from pursuing either violation. The statute of limitations for RESPA violations begins to accrue from the date the loan agreement was entered into. *See id*; *Lechner v. CitiMortgage, Inc.*, No. 4:09-CV-302-Y, 2009 WL 2356142, at *4 (N.D. Tex. July 29, 2009).

Plaintiffs obtained the mortgage at issue on March 12, 2004. *See* Dkt. No. 5, Ex. A. Plaintiffs did not file their Original Petition until October 11, 2012, more than eight years after execution of the loan agreement. Thus, the statutes of limitation for TILA and RESPA have long since lapsed.

However, Plaintiffs also premise their predatory lending claim on the Consumer Protection Act and HOEPA. Defendant is silent as to these statutes. As currently pled, the facts alleged in the Original Petition lack the specificity required to state a claim for relief under HOEPA or the Consumer Protection Act, as it is not possible for the

Court to determine what provisions of those statutes Plaintiffs allege that Defendant has violated or how Defendant is alleged to have violated them. *See Twombly*, 550 U.S. at 555. In light of Plaintiffs' *pro se* status, Plaintiffs should be given one final opportunity to replead their complaint to state a claim for violations of the Consumer Protection Act and/or HOEPA. However, Plaintiffs' claims based on TILA and RESPA should be dismissed with prejudice. *See F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (denial of leave to amend is proper when the statute of limitations has run); *see also Brown v. Texas A&M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) (leave to amend a second time is unnecessary where a plaintiff's alleged facts could not, as a matter of law, support the alleged claim, "[e]ven with every possible fact and inference resolved in favor of the plaintiff"); *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986) (leave to allow a pro se plaintiff to amend is not required where "even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability" and it is clear that the plaintiff has already pleaded his "best case").

### Fraud

Defendant asserts that Plaintiffs' fraud claim should be dismissed for three distinct reasons: (1) Plaintiffs failed to satisfy the pleading requirements under Fed. R. Civ. P. 9; (2) Plaintiffs failed to allege that Defendant misrepresented a material fact; and (3) the claim is barred by the economic loss doctrine. *See* Dkt. No. 5, ¶ 16-20.

First, Defendant is incorrect that Plaintiffs' fraud claim – at least as it appears to be intended by Plaintiffs – is barred by the economic loss doctrine. Under Texas law,

if a tort claim arises solely from the parties' contractual relationship, the tort claim is not allowed. *See DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 625-26 (N.D. Tex. 2011). Thus, "the economic loss rule 'generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract.'" *McDaniel v. JPMorgan Chase Bank, N.A.*, No. 1:12-cv-392, 2012 WL 6114944, at *7 (E.D. Tex. Dec. 10, 2012) (quoting *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007)). "That is, 'a duty in tort does not lie when the only injury claimed is one for economic damages recoverable under a breach of contract claim.'" *Id.* (quoting *Sterling Chems., Inc. v. Texaco Inc.*, 259 S.W.3d 793, 796 (Tex. App. – Houston [1st Dist.] 2007, pet. denied)). "Thus, the rule restricts contracting parties to contractual remedies for economic losses associated with their relationship, 'even when the breach might be reasonably viewed as a consequence of a contracting party's negligence.'" *Id.* (quoting *Lamar Homes, Inc.*, 242 S.W.3d at 13). "The focus of the rule is on determining whether the injury is to the subject of the contract itself." *Id.* (internal quotation marks omitted). The burden is on the plaintiff to establish evidence of an independent injury. *See id.* (citing *Esty v. Beal*, 298 S.W.3d 298, 302 (Tex. App. – Dallas 2009, no pet.)).

However, the Texas Supreme Court has stated that fraudulent inducement claims are not subject to the economic loss rule. *See Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex.1998) ("[T]ort damages are recoverable for a fraudulent inducement claim irrespective of whether the fraudulent representations are later subsumed in a contract or whether the plaintiff

-9-

only suffers an economic loss related to the subject matter of the contract."); *accord Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 417 (Tex. 2011). And, further, Defendant does not address relevant case law holding that the economic loss rule does not bar fraud claims in addition to claims for fraudulent inducement. *See Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 764-65 (N.D. Tex. 2012) (collecting cases).

In this case, both Plaintiffs and Defendant (by assignment) are parties to the Deed of Trust. But Plaintiffs allege that they seek rescission because their agreement with Defendant "was obtained through fraud, misrepresentation, and deceit." *See* Dkt. No. 1-4 at 2, 5-8. This bespeaks a clam for fraudulent inducement, for which one remedy is rescission of the contract. *See generally Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 331 (Tex. 2011). Fraudulent inducement "'is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof. That is, with a fraudulent inducement claim, the elements of fraud must be established as they relate to an agreement between the parties.'" *Bohnsack v. Varco, LP*, 668 F.3d 262, 277 (5th Cir. 2012) (quoting *Haase v. Glazner*, 62 S.W.3d 795, 798-99 (Tex. 2001)). While many of Plaintiffs' allegations are difficult to discern, for these purposes Plaintiffs appear to be alleging fraudulent inducement as to Defendant's "solicitation material, application, and agreement." Dkt. No. 1-4 at 6. Because the undersigned concludes that Plaintiff's claim appears to sound at least as fraudulent inducement and should be dismissed with the right to replead for the separate reasons stated below, the Court need not

definitively determine whether allegations that may be read to sound in a theory of fraudulent misrepresentation rather than a claim for fraudulent inducement, *see, e..g.*, Dkt. No. 1-4 at 5 (alleging rescission based on "fraud, extortion and conversion during agreement"), would be barred by the economic loss doctrine.

Second, Rule 9 requires that, in alleging fraud, "a party must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). Plaintiffs provide a laundry list enumerating 18 acts of wrongdoing, *see* Dkt. No. 1-4 at 5-6, but they do not set forth any facts or circumstances by which these wrongdoings came about. Such bare allegations are simply insufficient to state a claim for fraud. *See, e.g.*, *McCall v. Genetech, Inc.*, No. 3-10-cv-1747-B, 2011 WL 2312283, at *5 (N.D. Tex. Jun. 9, 2011). Plaintiffs fail to identify the allegedly fraudulent statements that were made, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. *See Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) ("[W]ith respect to the fraud and fraudulent inducement claims, Fed. R. Civ. P. 9(b) requires that Appellant state with particularity the circumstances constituting the fraud. Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out.")

Third, Plaintiffs fail to plead the elements of a claim for fraud. To state a claim for fraudulent inducement, Plaintiffs must show: 1) Defendant made a false material misrepresentation; 2) Defendant knew the representation was false when made or made it recklessly without knowledge of its truth; 3) Defendant intended to induce Plaintiffs to act upon the representation; and 4) Plaintiffs actually and justifiably

relied upon the representation, and thereby suffered injury. *See Bohnsack*, 668 F.3d at 277-78. "To be actionable as fraudulent inducement, a breach must be coupled with a showing that the promisor never intended to perform under the contract." *Kevin M. Ehringer Enters, Inc. v. McData Servs. Corp.*, 646 F.3d 321, 326 (5th Cir. 2011). The undersigned agrees with Defendant's assertion that Plaintiffs fail to allege a material misrepresentation by Defendant. Moreover, Plaintiffs fail to allege reliance on any such misrepresentation.

As such, the undersigned concludes that Plaintiff has failed to plead a claim for fraud. In light of Plaintiffs' *pro se* status, Plaintiffs should be given one final opportunity to replead their complaint to state a claim for fraud, subject to the limitation discussed immediately below as to the remedy that Plaintiffs may seek and with fair warning that any claim that does not sound as fraudulent inducement may, depending on what Plaintiffs allege, may be barred by the economic loss doctrine.

<u>Plaintiffs' Failure to Tender the Debt</u>

Finally, Defendant alleges that Plaintiffs' Original Petition should be dismissed because Plaintiffs failed to tender the amount fo the debt due or allege that nothing was due under the loan instruments. *See* Dkt. No. 5 at 4. However, as Defendant admits, Plaintiffs' unclean hands only bar Plaintiffs from seeking an equitable remedy. *See id.*

Here, Plaintiffs seek money damages as well as equitable relief. *See* Dkt. No. 1-4 at 10. Therefore, Plaintiffs' unclean hands do not bar Plaintiffs from filing an amended complaint, if they are able, seeking money damages.

In this regard, the undersigned notes that, when there allegedly is fraudulent inducement to sign a contract, the allegedly injured party may elect damages on the contract or the equitable remedies of rescission or reformation. *See Smith v. National Resort Cmtys., Inc.*, 585 S.W.2d 655, 658 (Tex. 1979). But, under Texas common law, if elected as the remedy, rescission "generally requires notice and tender; that is, a plaintiff seeking to rescind a contract must give timely notice to the defendant that the contract is being rescinded and either return or offer to return the property he has received and the value of any benefit he may have derived from its possession." *Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 817, 824 (Tex. 2012). Although Plaintiffs generally offer to offset any restoration by Defendant to Plaintiff of moneys and things of value that Plaintiffs provided, *see* Dkt. No. 1-4 at 6-7, Plaintiffs have not alleged that they actually they actually did equity by tendering the amount due under the loan instruments, and, as such, they are barred from obtaining equitable relief. *See, e.g.*, *Platero v. Bank of Am., N.A.*, No. 3:11-cv-3421-M, 2012 WL 2368465, at *4 (N.D. Tex. May 25, 2012), *rec. adopted*, 2012 WL 2373297 (N.D. Tex. Jun 21, 2012); *accord Torres v. Bank of America, N.A.*, No. C-12-057, 2012 WL 4718368, at *4-*5 (S.D. Tex. Sept. 10, 2012) (claim for fraud).

**Recommendation**

Defendant's Motion to Dismiss [Dkt. No. 5] should be GRANTED. Plaintiffs' claims asserting predatory lending based on TILA and RESPA should be dismissed with prejudice, and Plaintiffs' claims for fraud and for predatory lending based on violations of HOEPA and the Consumer Protection Act should be dismissed without

prejudice. As to these claims that should be dismissed without prejudice, the Court should grant Plaintiffs 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint and order that, if Plaintiffs fail to do so, the claims will be dismissed with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 26, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-14-